UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCISCO BECERRA-JAIME, | NO. C15-1849-JLR-JPD |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| LOWELL CLARK, et al., | |
| Respondents. | |

## INTRODUCTION

Petitioner Francisco Becerra-Jaime, proceeding *pro se*, filed a 28 U.S.C. § 2241 habeas petition, challenging the lawfulness of his detention by U.S. Immigration and Customs Enforcement ("ICE") and seeking a bond hearing. Dkt. 1. Respondents have moved to dismiss, arguing that the habeas petition should be denied because petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a) and has already received two individualized bond hearings before an Immigration Judge ("IJ"). Dkt. 5. Petitioner did not file a response.

Having considered respondents' motion, the balance of the record, and the governing law, the Court recommends that respondents' motion to dismiss be GRANTED, petitioner's habeas petition be DENIED, and this action be DISMISSED with prejudice.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Petitioner, a native and citizen of Mexico, entered the United States in 2000 without being admitted or paroled. Dkt. 6-1 at 2. In 2004, he was convicted of driving under the influence of alcohol ("DUI"), after which he completed alcohol abuse classes. *Id.* at 3-4. In 2013, he received his second DUI conviction. *Id.* at 3-4.

On June 16, 2015, ICE officers arrested petitioner and charged him as removable from the United States under 8 U.S.C. § 1182(a)(6)(A)(i), based on illegally entering and remaining in the United States without being admitted. Dkts. 6-4 & 6-6. ICE also made the initial custody determination to detain petitioner without bond. Dkt. 6-5.

Petitioner requested a bond redetermination hearing before an IJ, and received such a hearing on June 30, 2015. Dkt. 6-7. The IJ denied bond, finding that petitioner presented a danger to the community based on his DUI convictions. Dkts. 6-1 & 6-7. Petitioner appealed the adverse bond determination to the Board of Immigration Appeals ("BIA"), which affirmed in October 2015. Dkt. 6-8.

On November 23, 2015, petitioner initiated the instant habeas action, seeking a bond hearing. Dkt. 1. On December 22, 2015, petitioner received a bond hearing pursuant to *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015) ("*Rodriguez III*"). Dkt. 7-1. After hearing the arguments of counsel, the IJ found that the government met its burden of establishing by clear and convincing evidence that petitioner presents a danger to the community given his DUI convictions. *See id.* Accordingly, the IJ denied bond.

Petitioner's removal hearing was scheduled for February 22, 2016. Dkt. 6-9. The parties have not apprised the Court of the outcome of this hearing.

REPORT AND RECOMMENDATION - 2

DISCUSSION

Title 8 U.S.C. § 1226 provides the framework for the arrest, detention, and release of aliens, such as petitioner, who are in removal proceedings. 8 U.S.C. § 1226; *see also Demore v. Kim*, 538 U.S. 510, 530 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process."). Section 1226(a) grants the Department of Homeland Security ("DHS") discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in § 1226(c), for whom detention is mandatory.[1] 8 U.S.C. § 1226.

When an alien is arrested and taken into immigration custody pursuant to § 1226(a), ICE makes an initial custody determination, including the setting of bond. *See* 8 C.F.R. § 236.1. After the initial custody determination, the alien may request a bond redetermination by an IJ. *Id.* If the IJ denies bond, the alien may appeal to the BIA. 8 C.F.R. § 236.1. Once an IJ has made an initial bond redetermination, an alien's request for a subsequent bond redetermination must be made in writing and must show that the alien's circumstances have changed materially since the prior bond redetermination. 8 C.F.R. § 1003.19(e).

At the bond redetermination hearing, the burden is on the detainee to show to the satisfaction of the IJ that he warrants release on bond. *See In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006). In making a bond decision under § 1226(a), an IJ "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the

---

[1] Although the relevant statutory sections refer to the Attorney General, the Homeland Security Act of 2002, Pub. L. No. 107-296 § 471, 116 Stat. 2135 (2002), transferred most immigration law enforcement functions from the Department of Justice ("DOJ") to DHS, while the DOJ's Executive Office for Immigration Review retained its role in administering immigration courts and the Board of Immigration Appeals. *See Hernandez v. Ashcroft*, 345 F.3d 824, 828 n.2 (9th Cir. 2003).

REPORT AND RECOMMENDATION - 3

community at large, likely to abscond, or otherwise a poor bail risk." *Guerra*, 24 I. & N. Dec. at 40 (citing *In re Patel*, 15 I. & N. Dec. 666 (B.I.A. 1976)). An IJ may also consider any number of discretionary factors, including: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States. *Id.*

After an alien has been detained for six months, he is entitled to a so-called "*Rodriguez*" bond hearing, at which the IJ must release him on bond or reasonable conditions of supervision unless the government proves by clear and convincing evidence that he poses a flight risk or a danger to the community. *Rodriguez III*, 804 F.3d at 1084-85, 1087; *Rodriguez v. Robbins*, 715 F.3d 1132, 1135 (9th Cir. 2013) ("*Rodriguez II*"); *see also Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). In assessing dangerousness, the IJ should consider the *Guerra* factors, including "the extensiveness of an alien's criminal record, the recency of his criminal activity, and the seriousness of his offenses." *Rodriguez II*, 715 F.3d at 1135. In addition, because longer detentions require more robust procedural protections, the IJ must consider the length of detention. *Rodriguez III*, 804 F.3d at 1089. Finally, the government must provide contemporaneous records of the bond hearing. *Rodriguez II*, 715 F.3d at 1136.

Because petitioner's removal proceedings are ongoing, his continued detention is governed by § 1226(a). As required by the regulations, he received a bond redetermination hearing before an IJ. Then after he was detained for six months, he received a *Rodriguez* bond

REPORT AND RECOMMENDATION - 4

hearing. Dkt. 7-1. A review of the transcript from the hearing establishes that the IJ properly placed the burden on the government, considered the length of petitioner's detention, and considered evidence going to several *Guerra* factors. *See id.* at 7-10. Ultimately, the IJ determined that petitioner presents a danger to the community based on his two DUI convictions, one as recent as 2013. *Id.* at 10. The Court finds no constitutional or legal error in petitioner's *Rodriguez* bond hearing. To the extent petitioner seeks to challenge the IJ's discretionary judgment, the Court is without jurisdiction to consider his claims. *See* 8 U.S.C. § 1226(e); *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, *see* § 1226(e)"). At this point in his removal proceedings, petitioner has received all of the benefits of due process to which he is entitled. His habeas petition should be denied.

## CONCLUSION

For the foregoing reasons, the Court recommends that respondents' motion to dismiss, Dkt. 5, be GRANTED; petitioner's habeas petition, Dkt. 1, be DENIED; and this action be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **March 22, 2016**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 25, 2016.**

REPORT AND RECOMMENDATION - 5

1  This Report and Recommendation is not an appealable order.  Thus, a notice of appeal
2  seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
3  assigned District Judge acts on this Report and Recommendation.
4  DATED this 1st day of March, 2016.

*James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge